FILED
2020 Aug-21  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **HAROLD HANN,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **GOLDEN CORRAL** | ) | |
| **CORPORATION, et al.** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

_____

## NOTICE OF REMOVAL
_____

Defendant, Golden Corral Corporation, ("Golden Corral" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action, filed by Plaintiff Harold Hann the Circuit Court of Cullman County, Alabama, to the United States District Court for the Northern District of Alabama, Northeastern Division. In support of this Notice of Removal Golden Corral shows the following:

### A.  PROCEDURAL BACKGROUND

1.      This case was commenced by Plaintiff on July 17, 2020, in the Circuit Court of Cullman County, Alabama, Case No. 25-CV-2020-900195.00.   The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.      Service of process was issued to Defendant *via* certified mail on July 17, 2020, and Golden Corral was served with a copy of the Summons and Complaint on or about July 22, 2020. [Exhibit "A", Doc 6].

3.      This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Northeastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.      This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.      Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Cullman County, Alabama as required by 28 U.S.C. § 1446(d).

## B.  DIVERSITY OF THE PARTIES

6.      Plaintiff was and is a citizen of the State of Alabama [Exhibit "A", Doc. 2, ¶ 1; Doc. 8  ¶ 1].

7.      Defendant was at the time of the alleged incident and at the commencement of this action and is now a corporation that was formed under the laws of the State of North Carolina and has its principal place of business is the State of North Carolina. Therefore, Defendant was and is a citizen of the State of North Carolina.

8.     The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

9.     Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C.  <u>AMOUNT IN CONTROVERSY</u>

10.     In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11.     Plaintiff's Complaint alleges claims of negligence and wantonness against Defendant and demands compensatory ("personal injuries, pain and suffering and other damages") and punitive damages in an amount to be determined by a jury. [Ex. A, Doc. 2].

12.     Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims of negligence and wantonness and damages referenced above establishes the requisite amount in controversy. *Id.* at 1318. See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and

categorically state that plaintiff will not accept more.  Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.  Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

13.     In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint.  *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000."  *Id.* at 1318. The Court went on to state that "[t]his new opening of the

federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

14.     Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that he will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

15.     *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n.3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted that "It may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages'" *Id*.

at 1061 (*quoting Pretka*, 608 F.3d at 754; (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11ᵗʰ Cir. 2001)). The Court also noted it made little sense to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766).   Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.*at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

16.     Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met or a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.*¸ 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *See also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.*¸ 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

17.    In addition, Plaintiff's counsel made a prelitigation written settlement demand of $220,000.00, on October 3, 2019. [A true and correct copy of this correspondence is attached hereto as Exhibit "B"].[1]

18.    This removal is also governed by 28 U.S.C. § 1446. In this removal context, federal law requires "an amended pleading, motion, order or other paper" if jurisdiction is not established by the initial pleadings.[2] 28 U.S.C. § 1446(b). In *Lowery v. Alabama Power Co.*, the Eleventh Circuit Court of Appeals held that the document which indicates federal jurisdiction – "be it the initial Complaint or a later received paper – and determines whether that document in the Notice of Removal unambiguously establish federal jurisdiction." 483 F. 3d 1184, 1211 (11th Cir. 2007). In particular, the jurisdictional amount may be ascertained from a settlement demand letter, which falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000), *cited by Lowery*, 483 F.3d at 1213, n. 62. *See also Golden Apple Management Co., Inc. v. GEAC Computers, Inc.*, 990 F.Supp. 1364 (M.D. Ala. 1998). Thus, the amount in controversy exceeds the

---

[1] Plaintiff's counsel enclosed Plaintiff's medical bills and records which contain descriptions of the injuries which are purportedly related to the subject incident. These injuries include facial abrasions, bilateral knee abrasions, full thickness tears of the left supraspinatus tendon, infraspinatus tendon, subscapularis tendon, biceps tendon and fraying of the labrum. A physician has recommended surgical repair, although the notes reflect Plaintiff has not chosen to undergo surgery. Counsel for Defendant will provide these bills and records under seal or for an *in camera* inspection upon the Court's request.

[2] Should the Court conclude Plaintiff's Complaint does not establish the $75,000.00 requisite threshold for diversity jurisdiction.

jurisdictional requirement and the removal is proper under 28 U.S.C. §§ 1332 and 1446. *See Pretka v. Kolter City Plaza, III, Inc.*, 608 F.3d 744, 767 (11th Cir. 2010)("Section 1446(b) is based on the recognized policy of the federal courts to require, as far as possible, prompt action on the party of those seeking a removal so as to avoid the evils of the delay necessarily attendant upon the change of form.")(*citation omitted*).

19.    It is well settled that in determining the amount controversy for removal purposes, the Court may compensatory damages, exemplary or punitive damages and other damages sought. See, e.g. *Porter v. MetroPCS Commc'ns, Inc.*, 2014 WL5933661, at *3 (11th Cir. November 14, 2014). See also, *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729 (11th Cir. 2014)(holding that the Court should consider punitive damages as part of the jurisdictional amount when accessing the amount in controversy threshold). In addition, under Controlling Supreme Court law, "A defendant's notice of removal need include only of plausible allegations at the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554.

20.    Plaintiff apparently seeks exemplary or punitive damages. (Exhibit A, Doc. 2). Courts should consider punitive damages when determining the jurisdictional amount in controversy. *McDaniel*, 568 Fed. App'x at 731. See also, *Rae v. Perry*, 392 Fed. App'x, 753, 755 (11th Cir. 2010)("[p]unitive damages must be considered when determining the jurisdictional amount in controversy.") In

evaluating the amount in controversy for jurisdictional purposes, "Courts are free to use their experience and commons sense to evaluate the reasonable range of [punitive damage] awards." *Prince Hotel, S. A. v. Blake Marine Grp.*, 2012 WL 870157, at \*8 (S.D. Ala. March 13, 2012)(citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

21.     For analysis and consideration, Ala. Code § 6-11-21 provides that "no award of punitive damages shall exceed three (3) times the compensatory damages the party claiming punitive or $500,000.00, whichever is greater."

22.     In evaluating the amount in controversy for jurisdictional purposes, a punitive damage award of "slightly more than double the compensatory damages" has been described as "uncontroversial." *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009). Because the amount of the alleged special damages at issue is just over $22,000.00 in past medical bills, **plus** additional compensatory damages of past and future pain and suffering, and future possible surgical costs and expenses, it would be "uncontroversial" for a factfinder to award punitive damages in an amount "double the compensatory damages." This combined with Plaintiff's demand letter establishes that the "amount in controversy" is $220,000.00, well in excess of the jurisdictional threshold amount.

23.     Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. §§ 1332 and 1446.

### D. **TIMELINESS**

24.     The Removal was filed within thirty (30) days from when Defendant was served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E. **CONCLUSION**

25.     Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Cullman County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 21st day of August, 2020.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-4158-e51g)
Attorney for Defendant,
Golden Corral Corporation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057
Email:  cireland@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st  day of August, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____Facsimile transmission;
_____Hand Delivery;
_____Placing a copy of same in the United States Mail, properly
        addressed and first-class postage prepaid to; and/or
 XX Using the Alafile or CM/ECF system which will send
        notifications of such to the following:

Carson S. Hale, Esq.
Slocumb Law Firm, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

/s/ Glenn E. Ireland_____
OF COUNSEL