FILED
2020 Aug-21  AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT A

ELECTRONICALLY FILED
7/17/2020 1:52 PM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>25<br><br>Date of Filing:<br>07/17/2020     Judge Code: |
|---|---|---|

| **GENERAL INFORMATION** |
|---|

### IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA
### HAROLD HANN v. GOLDEN CORRAL CORPORATION

**First Plaintiff:**  ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
          Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                              DISTRICT COURT

            R ☐ REMANDED               T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
| HAL120 | 7/17/2020 1:52:20 PM | /s/ CARSON SCOTT HALE |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☑ YES ☐ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
9/17/2020 1:52 PM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT FOR CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| HAROLD HANN, | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **Case No.: CV - 2020 - _____** |
| | * | |
| *v.* | * | |
| | * | |
| GOLDEN CORRAL CORPORATION | * | |
| and Fictitious Defendants "A," "B," | * | |
| and "C," whether singular or plural, | * | |
| those other persons, corporations, firms | * | |
| or other entities whose wrongful | * | |
| conduct caused or contributed to cause | * | |
| the injuries and damages to Plaintiff, all | * | |
| of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but | * | |
| will be added by amendment when | * | |
| ascertained, | * | |
| | * | |
| **Defendant.** | | |

---

## COMPLAINT

This is an action by Plaintiff, Harold Hann, (herein after referred to as "Plaintiff") against Defendant, Golden Coral Corporation, (herein after referred to as "Defendant")   for personal injuries and damages sustained by the Plaintiff as the result of a dangerous condition on or about December 20, 2018.

### PARTIES, JURISDICTION, VENUE

1.　The Plaintiff was a resident and citizen of Cullman County, Alabama at all times material to the issues in this case.

2.  Defendant is a corporation that is registered to do business in the state of Alabama at all times material to the issues in this case.  Defendant may be served through its registered agent, Corporation Service Company Inc., at 641 South Lawrence Street, Montgomery, AL 36104.

1

3.     Fictitious Defendants "A", "B" and "C' are other persons and/or entities whose wrongful conduct may have caused and/or contributed to the incident that forms the basis of this Complaint but are unknown to Plaintiff at this time.

4.     The incident giving rise to this complaint occurred in Cullman County, Alabama.

5.     Venue in Cullman County, Alabama is proper.

## APPLICABLE FACTS

6.     On or about December 20, 2018, Plaintiff was at the Defendant's location at 1720 Cherokee Ave SW, in Cullman County, Alabama.

7.     At said time and place, while Plaintiff was an invitee was upon the premises of the Defendant, in Cullman County, Alabama, Plaintiff fell and was injured due to a dangerous condition of Defendant's premises.

## COUNT ONE - NEGLIGENCE

8.   Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

9.   At said time and place, Plaintiff fell when Defendant maintained a dangerous condition with actual or constructive knowledge that Defendant's floor was dangerously maintained and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

10. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

      (a).     Negligently failed to exercise ordinary care.

      (b).     Negligently failed to cure a known danger.

      (c).     Negligently failed to warn Plaintiff of said known danger.

2

(d).     Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

11. The Plaintiff avers that the acts and conduct of the Defendant constitutes common law negligence.

12. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

13. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

14. At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn  invitee of said dangerous condition, so as to

(a). cause injury to Plaintiff due to the dangerous condition, and

(b). cause Plaintiff to undergo doctors appointments and physical therapy appointments, and

(c). cause the Plaintiff to suffer and sustain the injuries and damages.

15. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

(a).     Wantonly failed to exercise ordinary care.

3

(b).      Wantonly failed to cure a known danger.

(c).      Wantonly failed to warn Plaintiff of said known danger.

(d).      Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

16. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

17. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

<u>**COUNT THREE – FICTITIOUS DEFENDANTS**</u>

18. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

19. Fictitious Defendant "A", "B"; and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT**

This July 17, 2020.

4

Respectfully submitted,

/s/ *Carson S. Hale*
CARSON S. HALE (HAL120)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the Summons and Complaint in this case be served on

the following Defendant by Certified Mail at her respective mailing address as follows:


**Golden Corral Corporation**
Registered Agent: Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL




**(the rest of this page left blank intentionally)**

5

ELECTRONICALLY FILED
7/17/2020 1:52 PM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT FOR CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| HAROLD HANN, | * | |
| | * | |
| | * | |
| **Plaintiff,** | * | **Case No.: CV - 2020 - _____** |
| | * | |
| *v.* | * | |
| | * | |
| GOLDEN CORRAL CORPORATION | * | |
| and Fictitious Defendants "A," "B," | * | |
| and "C," whether singular or plural, | * | |
| those other persons, corporations, firms | * | |
| or other entities whose wrongful | * | |
| conduct caused or contributed to cause | * | |
| the injuries and damages to Plaintiff, all | * | |
| of whose true and correct names are | * | |
| unknown to Plaintiff at this time, but | * | |
| will be added by amendment when | * | |
| ascertained, | * | |
| | * | |
| **Defendant.** | | |

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW the Plaintiff in the above-styled action, by counsel, and propounds the following interrogatories to the Defendant, pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 30 days of service hereof:

### Definitions and Instructions

a.    These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.    Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c.    Unless otherwise indicated, these interrogatories refer to the time, place, and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

1

d.      Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e.      The pronoun "you" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (D).

## **INTERROGATORIES**

1.      Please identify the individual(s) responding to these Interrogatories, including their present job title.

**RESPONSE:**


2.      Please identify your relationship to or dealings with all known defendants in this action.

**RESPONSE:**


3.      Please state, in your own words, what you believe happened to Plaintiff, on December 20, 2018 at or within the premises of your restaurant location, at 1720 Cherokee Ave SW, in Cullman County, Alabama, and include in your Answer the basis upon which you have formed that belief.

**RESPONSE:**


4.      Please produce any and all documents or other tangible evidence in your custody, possession, or control that in any way refers to or supports your response to Interrogatory No. 3. Such documents include, but are not limited to, incident reports, records, schedules, notes,

2

memorandum, correspondence, communications, letters, photographs, video, audio recordings, maps, diagrams, drawings, design documents, or other tangible evidence.

**RESPONSE:**

5.    State the full name and address of each person who witnessed or claims to have witnessed the subject incident.

**RESPONSE:**

6.    Identify the individual, entity, or entities responsible for ensuring the safety of the premises at issue in this matter as of December 20, 2018.

**RESPONSE:**

7.    What governmental, industry, or safety organization standards, codes or regulations pertain to the use of the premises in question and its design? State for each standard the date such standard promulgated, the sponsoring body, and whether the Defendant claims such standard was complied with in connection with the use of the product in question.

**RESPONSE:**

8.    Please identify any procedures or processes in place to ensure compliance with all relevant governmental or industry safety standards concerning the installation, operation, and maintenance of the subject premises.

**RESPONSE:**

9.      Please specifically describe any work you deemed necessary to make the area at issue in this matter fully compliant with any relevant governmental or industry standard, identify whether such work was performed and, if so, when such work was performed, and please describe the entity performing said work.

**RESPONSE:**

10.     Please identify any instances in which the subject premises has been found to be non-compliant with any industry or governmental safety regulation.

**RESPONSE:**

11.     Please describe and identify all correspondence, notes, memoranda, notices, warnings, complaints, letters, or other documents reflecting any communications among or between Defendant and Plaintiff.

**RESPONSE:**

12.     Please describe and identify all correspondence, notes, memoranda, notices, warnings, complaints, letters or other documents reflecting any communications among or between Defendant, or employees or anyone acting on Defendant's behalf, with any non-party to this litigation.

**RESPONSE:**

13.     List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**RESPONSE:**

14.     Please identify each person, corporation, or other entity responsible for causing the subject incident and please fully explain why each person, corporation or other entity listed in response to the previous interrogatory is so listed, including any explanation of fault on that person or entity's behalf.

**RESPONSE:**

15.     If you contend that Plaintiff is in any way responsible causing the subject incident, please explain each and every reason therefore in complete and exact detail.

**RESPONSE:**

16.     Identify all persons whom you intend to call as an expert witnesses at the trial of this case, and for each such expert, identify:

a.      The subject matter on which he or she is expected to testify:

b.      The substance of the facts and opinions to which he or she is expected to testify:

c.      A summary of the grounds for each opinion to which he or she will testify;

d.      The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

**RESPONSE:**

17.     Please state all facts in support of your denial of any allegation in Plaintiff's Complaint.

**RESPONSE:**


18.     If you contend that any of the injuries claimed by Plaintiff are not the result of the subject incident, please describe in detail the basis for such contention, identify all persons having knowledge of any facts supporting this contention, and identify all documents supporting this contention, as well as the specific event which brought about any unrelated injuries.

**RESPONSE:**


19.     If you contend that the medical treatment received by the Plaintiff subsequent to the subject incident and claimed as damages in this action was/is not reasonable, not medically necessary, or not causally related to the subject incident, please describe in detail the basis for such contention, identify all persons having knowledge of any facts supporting this contention, and identify all documents supporting this contention.

**RESPONSE:**


20.     Do you contend that the Plaintiff, or any other Party or entity, failed to heed or comply with any instruction or warning in connection with the occurrence in question or in any other way negligently caused the Plaintiff's incident? Explain. If so, does Defendant contend that such failure, if any, on the part of the Plaintiff had any causal connection with the Plaintiff's injuries?

**RESPONSE:**

21.     Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff, specifically, and/or to the public or employees working in that building or to anyone using the premises, in general, before the incident concerning the condition which caused or contributed to the incident complained of in this lawsuit.

**RESPONSE:**

22.     Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the incident in question.

**RESPONSE:**

23.     At the time of the subject incident do you contend that any person or entity other than you and your employees and agents was responsible for the maintenance of the premises on which Plaintiff alleges she was injured and, if so, state each and every fact on which you base your contention and identify each and every writing that supports the contention?

**RESPONSE:**

24.     Describe in detail any conversations you or your representative has had with the Plaintiff related to the subject incident either prior to or subsequent to the subject incident.

**RESPONSE:**

25.     What efforts were made by you or any other person or entity to correct the condition which Plaintiff contends caused the occurrence in question subsequent to the incident in question?

**RESPONSE:**

26.     Please identify any contractual relationship entered into with any individual or entity regarding the maintenance and operation of the premises at issue and identify any established maintenance schedule.

**RESPONSE:**

27.     Please describe what training procedures, if any, are followed in the course of training of your employees with regard to premises safety or injuries occurring within the premises at issue. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training its employees.

**RESPONSE:**

28.     With regard to the incident which forms the basis of Plaintiff's Complaint, please identify each policy of insurance which might afford liability coverage to you and any excess, umbrella, or other policies.  For each policy listed, state the name and address of the named insured(s) and of the insurance company, the operative policy number, the operative liability limits for personal injury and property damage, and whether question or doubt exists as to your rights under the policy (reservation of rights, non-waiver agreement, etc.).

**RESPONSE:**

29.     Identify any document or thing that you intend to use as exhibit in the trial of this matter.

**RESPONSE:**

30.     Identify any documents received in response to any subpoena issued by you in this case.

**RESPONSE:**

31.     Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any arid all other impeachment materials of any type, and or variety.

**RESPONSE:**

32.     State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

You are reminded that, under the provisions of Rule 26(e) of the Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses to the foregoing interrogatories under certain circumstances.

**REQUESTS FOR PRODUCTION**

COMES NOW the Plaintiff, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that the Defendant produce for inspection and/or copying

9

by Plaintiff's counsel the following documents set forth below. As an alternative the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within forty-five (45) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiff may take appropriate remedial steps if necessary. The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

### DOCUMENTS REQUESTED

1.    Please produce any and all incident and/or incident reports and investigations prepared by you or your representative as a result of subject incident.

2.    Please produce copies of all photographs, video tapes, slides and motion pictures in your possession which are relevant to the allegations of Plaintiff's Complaint and Defendant's Answer and defenses.

3.    Produce copies of all insurance policies (including the declaration page) potentially applicable to this claim.

4.    Please produce all documents used, referenced or reviewed in answering the interrogatories, which were simultaneously served herewith.

10

5.     Please produce any notes or other documents which you have made concerning the subject incident.

6.     Please produce any and all recorded statements (whether oral, written, or any other form) of any witnesses to the subject incident.

7.     Please produce any and all diagrams, photographs, videotapes or computer simulations of area in which the subject incident occurred, including the premises at issue.

8.     Please produce any and all photographs of any person, structure, or building damaged in the subject incident.

9.     Please produce all documents concerning the installation, maintenance, or operation of the premises at issue in this case, including any related correspondence with any Defendant, and any relevant safety materials.

10.     Please produce all documentation related to any efforts you deemed necessary to make the  premises at issue in this matter fully compliant with any relevant governmental or industry standard, identify whether such work was performed, when such work was performed, and please describe the entity performing said work.

11.     Please produce all correspondence with any entity or person related to safety standards for the premises at issue in this case.

12.     Please produce any and all standards, codes, rules, regulations, or statutes that will be relied upon in defense of this case.

13.     Produce any documents which establish which individual, entity, or entities had custody of the premises at issue as of the date of the subject incident.

11

14.     Produce a copy of any documents which establish which individual, entity, or entities which were responsible for the ensuring the safety of the premises at issue as of the date of the subject incident.

15.     Please produce all records regarding compliance with all relevant governmental or industry safety standards.

16.     Any and all documents that you claim constitute an admission(s) or declaration(s) against interest concerning any facts or matters alleged in the Complaint.

17.     Please produce all written reports, all correspondence, all invoices, and the complete file for any expert witness you intend to call at trial.

18.     Please produce a copy of any complaints you received related to the premises at issue.

19.     Please produce all documents which support your denial of any allegations in Plaintiff's Complaint, or any affirmative defenses you rely upon in your Answer.

20.     Please produce any documents received in response to any subpoena issued by you in this case.

21.     Please produce any document or thing that you intend to use as exhibit in the trial of this matter.

22.     Please produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.


This July 17, 2020.

                        Respectfully submitted,

                        /s/ *Carson S. Hale*
                        CARSON S. HALE (HAL120)
                        ATTORNEY FOR THE PLAINTIFF

                              12

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
145 East Magnolia Ave.
Suite 201
Auburn, AL  36830
Tel. No.  (334) 741-4110
Fax No.  (888)-853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served along with the Summons and

Complaint, upon defendant, by Certified Mail at their respective mailing address as follows:


**Golden Corral Corporation**
Registered Agent: Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104

/s/ *Carson S. Hale*
CARSON S. HALE
OF COUNSEL



**(the rest of this page left blank intentionally)**

13



AlaFile E-Notice

25-CV-2020-900195.00

To:  CARSON SCOTT HALE
     chale@slocumblaw.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following complaint was FILED on 7/17/2020 1:53:51 PM

Notice Date:      7/17/2020 1:53:51 PM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654



USPS CERTIFIED MAIL

9214 8901 7301 4125 2000 0082 30

500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

25-CV-2020-900195.00

To: GOLDEN CORRAL CORPORATION
641 S. LAWRENCE ST.
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

### HAROLD HANN V. GOLDEN CORRAL CORPORATION
### 25-CV-2020-900195.00

The following complaint was FILED on 7/17/2020 1:53:51 PM

Notice Date:     7/17/2020 1:53:51 PM

**LISA MCSWAIN**
**CIRCUIT COURT CLERK**
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL 35055

256-775-4654

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>25-CV-2020-900195.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA
## HAROLD HANN V. GOLDEN CORRAL CORPORATION

**NOTICE TO:** GOLDEN CORRAL CORPORATION, 641 S. LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSON SCOTT HALE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 145 E. MAGNOLIA AVE.  SUITE 201, AUBURN, AL 36830

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HAROLD HANN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 07/17/2020 | /s/ LISA MCSWAIN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ CARSON SCOTT HALE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____.

*(Date)*

_____     _____     _____
*(Type of Process Server)*   *(Server's Signature)*       *(Address of Server)*

_____     _____
*(Server's Printed Name)*    *(Phone Number of Server)*

**UNITED STATES POSTAL SERVICE**

July 22, 2020

Dear Circuit Clerk:

| UJS Information |
|---|
| Case Number: 25-CV-2020-900195.00 |
| Document Type: Complaint |
| Restricted Delivery Requested: No |
| Intended Recipient: |
| GOLDEN CORRAL CORPORATION  (D001) |
| 641 S. LAWRENCE ST. |
| MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4125 2000 0082 30**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | July 22, 2020, 11:50 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 5.0oz |

## Recipient Signature

Signature of Recipient:   C-9

Address of Recipient:   44158

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

25-CV-2020-900195.00

Judge: MARTHA E. WILLIAMS

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following matter was served on 7/22/2020

**D001 GOLDEN CORRAL CORPORATION**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654



AlaFile E-Notice

25-CV-2020-900195.00

Judge: MARTHA E. WILLIAMS

To:  GOLDEN CORRAL CORPORATION (PRO SE)
641 S. LAWRENCE ST.
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following matter was served on 7/22/2020

**D001 GOLDEN CORRAL CORPORATION**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654

ELECTRONICALLY FILED
8/3/2020 10:41 AM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN,                                )
                                            )
    Plaintiff(s),                       )
                                            )
v.                                          )   **CIVIL ACTION NO.: 25-CV-2020-900195**
                                            )
GOLDEN CORRAL CORPORATION, et al.           )
                                            )
    Defendant(s).                       )

---

### ANSWER

---

Defendant, Golden Corral Corporation (hereinafter "Golden Corral" or "Defendant") answers Plaintiff's Complaint as follows:

### PARTIES, JURISDICTION, VENUE

1. Admitted, upon information and belief.

2. Admitted.

3. There are no material allegations made against Golden Corral in paragraph three (3) of the Complaint; therefore, no response is required.

4. Golden Corral denies the material allegations in paragraph four (4) of the Complaint and demands strict proof thereof.

5. Admitted.

### APPLICABLE FACTS

6. Golden Corral denies the material allegations in paragraph six (6) of the Complaint and demands strict proof thereof.

7. Golden Corral denies the material allegations in paragraph seven (7) of the Complaint and demands strict proof thereof.

## COUNT ONE - NEGLIGENCE

8.      Golden Corral denies the material allegations in paragraph eight (8) of the Complaint and demands strict proof thereof.

9.      Golden Corral denies the material allegations in paragraph nine (9) of the Complaint and demands strict proof thereof.

10.     Golden Corral denies the material allegations in paragraph ten (10) of the Complaint and demands strict proof thereof.

11.     Golden Corral denies the material allegations in paragraph eleven (11) of the Complaint and demands strict proof thereof.

12.     Golden Corral denies the material allegations in paragraph twelve (12) of the Complaint and demands strict proof thereof.

## COUNT TWO – WANTONESS

13.     Golden Corral denies the material allegations in paragraph thirteen (13) of the Complaint and demands strict proof thereof.

14.     Golden Corral denies the material allegations in paragraph fourteen (14) of the Complaint and demands strict proof thereof.

15.     Golden Corral denies the material allegations in paragraph fifteen (15) of the Complaint and demands strict proof thereof.

16.     Golden Corral denies the material allegations in paragraph sixteen (16) of the Complaint and demands strict proof thereof.

17.     Golden Corral denies the material allegations in paragraph seventeen (17) of the Complaint and demands strict proof thereof.

## COUNT THREE – FICTITIOUS DEFENDANTS

18.     Golden Corral denies the material allegations in paragraph eighteen (18) of the Complaint and demands strict proof thereof.

19.     Golden Corral denies the material allegations in paragraph nineteen (19) of the Complaint and demands strict proof thereof.

### FIRST DEFENSE

Defendant denies that it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

### SECOND DEFENSE

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause Plaintiff's alleged injuries and damages.

### THIRD DEFENSE

Plaintiff's injuries and damages, none of which are admitted but are expressly denied, were not the result of any acts or omissions of Defendant but were the result of acts or omissions of other persons or entities.

### FOURTH DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence or wantonness of Defendant and Plaintiff's alleged injuries or damages.

### FIFTH DEFENSE

Defendant avers that Plaintiff is not the proper party and lacks standing to prosecute this action.

### SIXTH DEFENSE

Defendant avers that Plaintiff assumed the risk of Plaintiff's alleged injuries and damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred in that the alleged condition complained of was open and obvious.

## EIGHTH DEFENSE

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

## NINTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the

Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

### THIRTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

### FOURTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### SIXTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## EIGHTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTIETH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by

which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

### TWENTY-FIRST DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY-SECOND DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY-THIRD DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### TWENTY-FOURTH DEFENSE

Defendant pleads that Plaintiff lacks standing and/or capacity and/or is not the proper party to prosecute this action.

### TWENTY-FIFTH DEFENSE

Defendant pleads that Plaintiff's claims are barred by lack of proximate cause.

### TWENTY-SIXTH DEFENSE

Defendant denies notice of the condition alleged in Plaintiff's Complaint.

### TWENTY-SEVENTH DEFENSE

Defendant avers Plaintiff's alleged accident and injuries were caused by the acts of other parties.

### TWENTY-EIGHTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

### TWENTY-NINTH DEFENSE

Defendant claims as a set-off any monies received by, or paid on behalf of, the Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

### THIRTIETH DEFENSE

Defendant pleads as a defense that Plaintiff has failed to mitigate Plaintiff's alleged damages.

### THIRTY-FIRST DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with `an opportunity to present every available defense. *Id.* (Quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

### THIRTY-SECOND DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon non-parties or those whom they directly represent*, i.e.,* injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## THIRTY-THIRD DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendant is placed in a position of distinctive advantage over civil defendant of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendant.

## THIRTY-FOURTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00.

## THIRTY-FIFTH DEFENSE

Defendant pleads application of § 6-11-27 of the Alabama Code which expressly limits the imposition of vicarious liability for the punitive damages authorized to situations in which the principal has either negligently employed or continued to employ the agent guilty of the alleged misconduct participates.

## THIRTY-SIXTH DEFENSE

The Due Process Clause prohibits punishment of Defendant based on an injury to a nonparty because such punishment "would add a near standardless dimension to the punitive damages equation."  Id.  Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of "arbitrariness, uncertainty and lack of notice." *Id.* (citing *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 416, 418 (2003).

### THIRTY-SEVENTH DEFENSE

The award of punitive damages against the Defendant in this action violates the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996) and the Alabama Supreme Court in *BMW v. Gore*, 701 So. 2d 507 (Ala. 1997) or *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007) on the following grounds:

        a.     It is a violation of this Defendant's right to due process to impose punitive damages to deter future conduct, where less drastic remedies could achieve this goal;

        b.     It is a violation of due process to subject this Defendant to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

        c.     It is a violation of this Defendant's rights to due process to impose punitive damages which are grossly excessive.

### THIRTY-EIGHT DEFENSE

Any verdict based upon Plaintiff's claims for compensatory damages for pain and suffering, mental anguish, or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution has the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against fake and overly broad laws.

### THIRTY-NINTH DEFENSE

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 and Article I, Section 15 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

**FORTIETH DEFENSE**

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, any mental anguish damage award will violate these constitutional provisions because Alabama juries are given a rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
Attorney for Defendant, Golden Corral Corporation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057
Email:  cireland@carrallison.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of August, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____  Facsimile transmission;
_____  Hand Delivery;
_____  Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
\_\_XX\_\_  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale, Esq.
Slocumb Law Firm, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

/s/ Glenn E. Ireland
OF COUNSEL



AlaFile E-Notice

25-CV-2020-900195.00

To:  GLENN EDWIN IRELAND
cireland@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following answer was FILED on 8/3/2020 10:41:28 AM

Notice Date:       8/3/2020 10:41:28 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654



AlaFile E-Notice

25-CV-2020-900195.00

To:  GOLDEN CORRAL CORPORATION (PRO SE)
641 S. LAWRENCE ST.
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following answer was FILED on 8/3/2020 10:41:28 AM

Notice Date:     8/3/2020 10:41:28 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654



AlaFile E-Notice

25-CV-2020-900195.00

To:  HALE CARSON SCOTT
      chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following answer was FILED on 8/3/2020 10:41:28 AM

Notice Date:      8/3/2020 10:41:28 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654

ELECTRONICALLY FILED
8/3/2020 10:45 AM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | | |
|---|---|---|
| HAROLD HANN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 25-CV-2020-900195 |
| | ) | |
| GOLDEN CORRAL CORPORATION, et al. | ) | |
| | ) | |
| Defendant(s). | ) | |

---

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

---

NOTICE is hereby given to the Clerk of this Court that the following documents were duly served on all counsel of record in the above proceeding.

- Defendant's First Interrogatories to Plaintiff; and
- Defendant's First Requests for Production of Documents to Plaintiff.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
Attorney for Defendant, Golden Corral Corporation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057
Email:  cireland@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____  Facsimile transmission;
_____  Hand Delivery;
_____  Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
__XX__  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale, Esq.
Slocumb Law Firm, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

/s/ Glenn E. Ireland
OF COUNSEL

ELECTRONICALLY FILED
8/3/2020 10:45 AM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN,                                 )
                                             )
    Plaintiff(s),                         )
                                             )
v.                                           )    CIVIL ACTION NO.: 25-CV-2020-900195
                                             )
GOLDEN CORRAL CORPORATION, et al.            )
                                             )
    Defendant(s).                         )

---

### DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

---

Defendant Golden Corral Corporation in accordance with Ala. R. Civ. P. 26 and 33 and requests that Plaintiff respond fully to the following Interrogatories.

### INSTRUCTIONS

1.    In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.    If any information called for by an Interrogatory is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

      (a)    its date and type (e.g., letter, memorandum, etc.);

      (b)    its author;

      (c)    to whom addressed;

      (d)    all copy addressees;

      (e)    all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

      (f)    the description of the subject matter discussed, described, referred to therein;

      (g)     the specific reasons why you claim it is privileged; and

      (h)     the name of its present custodian.

3.      In addition to the instructions pertaining to the Interrogatory, if the Plaintiff chooses to attach documents in lieu of an answer to a specific Interrogatory, Defendant requests that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.      "Plaintiff", "You", or "Yours" means the named Plaintiff in this case, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.      "Identify" or "Identification" shall mean:

      (a)     when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

      (b)     when used in reference to a business entity, the entity's name and address, its principal place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

      (c)     when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

6.      "Incident" refers to the December 20, 2018 incident referenced in your Complaint.

### DUTY OF SUPPLEMENTATION

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)     Any request or question directly addressed to:

(1)     the identity and location of persons having knowledge of discoverable matters, and

(2)     the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)     Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)     you know that the prior response was incorrect when made, or

(2)     you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

### FIRST INTERROGATORIES TO PLAINTIFF

1.      State your full name, date of birth, Social Security number, residence address, and business address.

2.      Identify all individuals who provided information and/or who participated in preparing responses to these interrogatories.

3.      Specify in all possible detail the "dangerous condition" referenced in paragraphs seven (7), ten (10) and fourteen (14) of your Complaint.

4.      Specify in all possible detail how the incident occurred.

5.      Specify in all possible detail each and every physiological and emotional injury you claim you sustained as a result of the incident.

6.      Specify in all possible detail and quantify separately and severally each and every compensable damage you claim you have sustained as a result of the incident.

7.      Specify in all possible detail any injuries that you have suffered before the incident for which you have sought medical treatment.

8.      Identify each health care provider, including but not limited to, physicians, chiropractors, physical therapists and hospitals, from which you have sought medical treatment during the last ten (10) years.

9.      Identify each health care provider, including but not limited to, physicians, chiropractors, physical therapists and hospitals, from which you have sought medical treatment related to the alleged injuries made the basis of this litigation.

10.     Identify all individuals known or believed by you to have been eyewitnesses to the incident.

11.     Identify all individuals whom you expect to call as a witness to testify as to your alleged damages in this case.

12.     Identify every expert witness, including medical experts, whom you expect to testify at the trial of this action.

13.     Specify in all possible detail the substance of the facts and opinions to which each expert identified above is expected to, including in your response a summary of the grounds for the opinion of each such expert.

14.     Identify every standard, code, regulation, statute and/or duty you contend was violated by Defendant with regard to the incident.

15.     Specify in all possible detail your claim that Defendant was negligent as alleged in your Complaint.

16.     State all facts which you claim support your allegation that Defendant was negligent as alleged in your Complaint.

17.     Identify all individuals who have or claim to have knowledge to support your contentions that Defendant was negligent as alleged in your Complaint.

18.     Specify in all possible detail your claim that Defendant was wanton as alleged in your Complaint.

19.     State all facts which you claim support your allegation that Defendant was wanton as alleged in your Complaint.

20.     Identify all individuals who have or claim to have knowledge to support your contentions that Defendant was wanton as alleged in your Complaint.

21.     Identify all entities against which you have made a claim for personal injuries and/or property damages within the ten (10) years preceding the incident.

22.     State whether you have ever been arrested or convicted of any crime.  If so, identify the county and court where such arrest or conviction took place and identify the charge of the arrest and the results following the arrest.

23.     State whether you have ever filed for Social Security benefits.  If so, identify the city and state where you filed for such benefits, and state any and all rulings you have received in connection with the filing for such benefits.

24.     State whether you have ever filed for bankruptcy.  If so, state whether the case has been discharged and identify the date of the filing, the court, and the case number.

25.     Specify in all possible detail any and all conversations or other oral communications (whether directly to you, directly from you, overheard by you, or otherwise) involving Defendant (or Defendant's employees, agents, etc.) regarding the incident made the basis of this litigation.  Include all specific detail in your response, including but not limited to the

substance of what was said, the identity of the person making the statement, the identity of anyone else who was present or otherwise witnessed the statement, and the date, time, and location the statement was made.

26.     Please state whether, at the time of the incident made the basis of this lawsuit, you were insured or covered under any type of health or medical insurance, workers' compensation insurance, Medicare, Medicaid, or any other collateral source which provided health and/or medical benefit coverage or payments on your behalf to health care providers for any of the injuries or damages you are claiming in this lawsuit and, if so, state whether that entity has asserted a lien or subrogation claim pertaining to any proceeds you may receive through the disposition of this lawsuit and the amount of said lien or subrogation claim.

27.     Please identify each and every pharmacy that you have used in the last ten (10) years.

28.     As relates to any potential application for Social Security and/or Medicare Benefits state:

    a)     The date and office to which your application was submitted?

    b)     A summary of all responses/rulings on any potential submissions for benefits which you have received?

    c)     If counsel was retained to assist with the application, the name of said attorney;

    d)     If Social Security Disability benefits were awarded, the date in which you will become a Medicare beneficiary.

/s/ Glenn E. Ireland
GLENN E. IRELAND (IRE002)
Attorney for Defendant, Golden Corral Corporation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:   (205) 822-2057
Email:  cireland@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_ Facsimile transmission;
\_\_\_\_\_ Hand Delivery;
\_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
\_\_XX\_ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale, Esq.
Slocumb Law Firm, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

/s/ Glenn E. Ireland
OF COUNSEL

ELECTRONICALLY FILED
8/3/2020 10:45 AM
25-CV-2020-900195.00
CIRCUIT COURT OF
CULLMAN COUNTY, ALABAMA
LISA MCSWAIN, CLERK

## IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

| | |
|---|---|
| HAROLD HANN, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: 25-CV-2020-900195 |
| | ) |
| GOLDEN CORRAL CORPORATION, et al. | ) |
| | ) |
| Defendant(s). | ) |

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, Golden Corral Corporation, in accordance with Ala. R. Civ. P. 26 and 34 and requests Plaintiff to respond fully to the following Requests for Production:

### INSTRUCTIONS

1.      In responding to these requests, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.      If any information called for by a request is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

(a)     its date and type (e.g. letter, memorandum, etc.);

(b)     its author;

(c)     to whom addressed;

(d)     all copy addressees;

(e)     all other persons who have received, copied, or otherwise been permitted to see all or part of the original or any copy thereof;

(f)     the description of the subject matter discussed, described, referred to therein;

(g)     the specific reasons why you claim it is privileged; and

(h)      the name of its present custodian.

## DEFINITIONS

1.      "Plaintiff", "You", or "Yours" means the named Plaintiff in this case, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.      "Identify" or "Identification" shall mean:

(a)      when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)      when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)      when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.      "Specify in all possible detail" means to describe completely and accurately the subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

6.      "Incident" refers to the December 20, 2018 incident referenced in your Complaint.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other health care provider, emergency room reports, and correspondence from or to any physicians from whom you have sought treatment as a result of the injuries claimed in your Complaint.

2.      Copies of any other written materials which in any way pertain to the injuries and compensable damages claimed in your Complaint.

3.      Copies of any documents, exhibits, and/or demonstrative aids which Plaintiff intends to use at the trial of this case.

4.      Copies of all medical bills from any health care provider pertaining to the injuries you allege you received as a result of the incident.

5.      Copies of any and all photographs, drawings, maps, or any other reproduction that Plaintiff intends to use at the trial of this case.

6.      Copies of any and all photographs, drawings, maps, or any other reproduction of the subject premises and/or the area of your alleged fall.

7.      Copies of any and all photographs of Plaintiff that in any way show Plaintiff's injuries.

8.      If you are making a claim for lost wages or earning capacity, copies of all income tax returns, including all attachments thereto, both state and federal, of the Plaintiff for the years 2016 through 2020, inclusive.

9.      If you are making a claim for lost wages or earning capacity, copies of all payroll stubs, invoices for services rendered, or any other documents of any type that reflect any earnings by Plaintiff between the date of her alleged accident and the present date.

10.      Copies of all documents evidencing or purporting to support your claims that Defendant was negligent and/or wanton on the occasion made the basis of your Complaint.

11.      Copies of all documents evidencing or purporting to support your claims that Defendant violated any standard, code, regulation, statute and/or duty with regard to the premises on which Plaintiff claims to have been injured.

12.      Copies of all documents that were reviewed and/or referenced in responding to Defendant's First Interrogatories.

13.     Copies of any and all accident reports regarding the incident made the basis of this litigation.

14.     Copies of any and all correspondence from Defendant to Plaintiff (or Plaintiff's representative), or from Plaintiff (or Plaintiff's representative) to Defendant.

15.     Copies of any and all documents regarding or reflecting monetary payments received by Plaintiff and/or made on Plaintiff's behalf as a result of the incident made the basis of this litigation.

16.     Copies of Plaintiff's driver's license, Social Security card, and health insurance card.

17.     Produce a copy of any and all applications, documents, medical records, vocational reports, rulings, determinations either supplied to or received from the Center for Medicare and Medicaid Services and/or Social Security relating to any and all efforts to receive such benefits.

18.     Copies of all communications (including text messages, e-mails and visual/voicemail recordings) between Plaintiff (including any person affiliated with Plaintiff's counsel's office) and all healthcare injuries claimed as a result of the incident.

19.     Copies of all communications between Plaintiff (including any person affiliated with Plaintiff's counsel's office) and any and all medical funding, letters of protection, or litigation funding provider pertaining to Plaintiff.

20.     The shoes or other footwear Plaintiff was wearing at the time of the incident.


                              /s/ Glenn E. Ireland
                              GLENN E. IRELAND (IRE002)
                              Attorney for Defendant, Golden Corral Corporation

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_ Facsimile transmission;
\_\_\_\_\_ Hand Delivery;
\_\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
  XX   Using the Alafile or CM/ECF system which will send notifications of such to the following:

Carson S. Hale, Esq.
Slocumb Law Firm, LLC
145 E. Magnolia Ave
Suite 201
Auburn, Alabama 36830
chale@slocumblaw.com

/s/ Glenn E. Ireland
OF COUNSEL



AlaFile E-Notice

25-CV-2020-900195.00

To:  GLENN EDWIN IRELAND
     cireland@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following discovery was FILED on 8/3/2020 10:45:03 AM

Notice Date:     8/3/2020 10:45:03 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654



AlaFile E-Notice

25-CV-2020-900195.00

To:  HALE CARSON SCOTT
     chale@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CULLMAN COUNTY, ALABAMA

HAROLD HANN V. GOLDEN CORRAL CORPORATION
25-CV-2020-900195.00

The following discovery was FILED on 8/3/2020 10:45:03 AM

Notice Date:     8/3/2020 10:45:03 AM

LISA MCSWAIN
CIRCUIT COURT CLERK
CULLMAN COUNTY, ALABAMA
500 2ND AVENUE SW, ROOM 303
CULLMAN, AL, 35055

256-775-4654